MEYERS (ADAMS v.). See Case No. 62.

# Case No. 9,519.

## MEYERS v. VALLEY NAT. BANK.

[18 N. B. R. 34;[1] 2 Nat. Bank Cas. (Browne) 156.]

### District Court, E. D. Missouri. 1879.

BANKRUPTCY — ILLEGAL PREFERENCE — BANK SHARES—LIEN THEREON CLAIMED—FORM OF ACTION BY ASSIGNEE—TITLE TO STOCK.

1. The bankrupt B. held certain shares of stock of the defendant, a national bank. The bank claimed a lien on such stock, under its by-laws to secure an indebtedness due it from the bankrupts. This by-law the assignee claimed was void under the national banking law, and upon refusal of the bank to give him, as assignee, a certificate for these shares, brought action for their value. *Held*, that as judgment for conversion vests the title to the converted property in the wrong-doer, and the wrong-doer in this case cannot hold the title, the assignee cannot maintain the action in this form.

2. The bank purchased a quantity of its stock on the market and not having the right to hold it in its own name, divided it among some of the directors. The bankrupt B. who was one of the directors, took some of this stock and gave his note therefor. the bank retaining the certificate for him, although the stock was transferred to him on the books. and he received dividends thereon. On his failure the bank caused him to transfer the stock to its teller, but retained the note as an asset. In an action by the assignee to set aside the transfer as a preference. *held*, that the bank had lawfully no stock to convey, and that B. was not the lawful owner.

Peter Behr, of Goodwin, Behr & Co., had owned for some years ten shares of Valley National Bank stock, on which the bank claimed a lien, under its by-laws to secure the large sum due it from Goodwin, Behr & Co. Mr. Meyers claimed that this by-law

[1] [Reprinted from 18 N. B. R. 34, by permission.]

was void, as in contravention of the national banking law. The bank refused to give him, in his own name as assignee, a certificate for these ten shares, and he sued for their value. It also appeared that the bank had bought in a lot of its own stock on the market, and not having the right to carry it in its own name, arranged to parcel it among some of the directors. Behr, one of its directors, took twenty-five shares under this arrangement, and gave the bank his note for the amount, which was entered as a discount, the bank retaining the certificate for the sharer, although the stock was transferred to Behr on its books, and he received the dividends thereon. This note was given in 1876, and was several times renewed, Behr never being called on for payment. When he failed last September, the bank had him transfer the twenty-five shares to E. G. Moses, its teller, to secure itself. It kept Behr's note, however, and claimed it as an asset. The assignee claimed that this transfer was a preference. This was the second count in the petition.

TREAT, District Judge. At the trial of this case the first impression was that the defendant must be held estopped from disputing that Behr was the owner of the shares mentioned in the second cause of action. Further reflection upon an examination of the national bank act (sections 5201 and 5210, with the cognate sections in the Revised Statutes) has induced a different conclusion. The bank was prohibited from becoming the purchaser or holder of the shares in dispute. How, then, could it acquire any title thereto which it could transfer to Behr? The irregular and unlawful contrivances adopted cannot change the legal results. The bank had lawfully no stock to convey, and though Behr may have appeared on the stock ledger as the owner of these shares, and the bank have paid him a cash dividend thereon, still he was not the lawful owner. A list of the stockholders, as required by section 5210, and the report thereof to the comptroller of the currency, is necessary for the protection of all interests, especially with reference to the double liability. Hence, as to the second cause of action, the finding is for the defendant. As to the first cause of action—conversion of the ten shares—the parties consent to a judgment for the value thereof, five hundred and fifty dollars. But the court is here met by the legal difficulty that the bank cannot purchase or hold those shares. As judgment for conversion vests the title to the converted property in the wrong-doer, and the wrong-doer in this case cannot hold the title, how can the court give a judgment which will contravene the law? To carry out the agreement between the parties as to the said ten shares they should consent to an amendment of the petition, so that damages may be had for failure to transfer as demanded by plaintiff. The court can then assess nominal damages and costs, with the understanding that the transfer will be at once made to the plaintiff.

[For another action between the same parties in which The Valley National Bank claimed $6,000 upon a note given by the bankrupts endorsed by one Gustavus Hoeber see Case No. 5,549.]